COFFEE'S ADMINISTRATRIX, Defendant in Error, v. CROUCH, Plaintiff in Error.

1. If one comes into the possession of trust property, whether by suit or otherwise, he will hold it in trust for the *cestui que trust*.

*Error to Newton Circuit Court.*

Demurrer to a petition. The following is the petition: "Plaintiff states that one Nathaniel W. Coffee departed this life in Overton county, in the state of Tennessee, some time in the month of August, in the year 1833, and left at his death a son, to-wit, Granville Coffee, who was his only heir and distributee. Plaintiff further states that the said Nathaniel at the time of his death was the owner of and had in his possession a negro girl named Letty, and a considerable amount of other personal property; that afterwards, to-wit, on the 4th day of November, 1833, Martha Coffee and Ben-

jamin Gobbert obtained letters of administration on the estate of the said Nathaniel Coffee, deceased, and that the said Martha Coffee took said estate into her possession, which said estate consisted of bonds, notes and accounts, and the negro girl above stated, and other personal property. Said plaintiff states that the said Martha Coffee collected the said bonds, notes and accounts due and owing to the said estate, and out of the money collected from said bonds and on or about the —— day of May, 184–, purchased and paid for a negro boy named Jorden and a negro girl named Maria, and the said Martha afterward brought said negro to the county of Newton, in the state of Missouri. Plaintiff states that afterwards, to-wit, on the 12th of October, 185–, the said defendant Milner F. Crouch, as administrator of the estate of one George Barker, deceased, (with whom the said Martha had intermarried) brought suit against Martha Barker in the circuit court of Newton county, Mo., for the value of the negroes above named and also for the value of a negro boy named Irwin, who was a child of the said negro girl Letty and born after the death of the said Nathaniel Coffee, and also a child of said negro girl Maria. Plaintiff further states that the said Crouch, as administrator aforesaid, afterwards, to-wit, on the 5th day of November, 1853, recovered judgment in said suit against Martha Barker in the said Newton circuit court for the value of the said negroes, amounting to the sum of $2,604.50, and afterwards, to-wit, on the 4th day of May, 1855, the said Martha Barker paid unto the said Crouch the principal and interest of said judgment, amounting to the sum of $2,850.16 ; which amount the said Crouch now has in his possession. Plaintiff further states that the said Granville Coffee departed this life on or about August 13, 1853, in the county of Newton aforesaid, and that the said Granville, at the time of his death, was a minor under twenty-one years of age ; that said plaintiff on the 1st of November, 1854, obtained from the judge of the probate court of Newton county letters of administration on the estate of the said Granville Coffee, which letters are herewith filed. Your

petitioner asks that she, as administratrix of the estate of the said Granville Coffee, have judgment against the said M. F. Crouch for the said sum of $2,850.16 and interest thereon, and that the defendant be enjoined and restrained from paying over the amount of said judgment and interest thereon, recovered by him on account of said judgment, to the heirs and distributees of the said George Barker."

The court overruled a demurrer to this petition and gave judgment "that the plaintiff have and recover of and from the defendant the sum of $3,297.16, and also her costs," &c.

*Wright* and *Edwards*, for plaintiff in error.

I. The demurrer should have been sustained. The petition does not state facts sufficient to give plaintiff as administrator of the estate of Granville Coffee a right of action against defendant, either in his individual capacity or as administrator of the estate of said George Barker, deceased. The suit and judgment are against defendant in his individual capacity. This is not authorized by the facts stated. The heirs of George Barker should have been made parties to this suit. It does not appear that said negroes belonged to said Granville Coffee, or that he ever had any right to said judgment, either in law or equity. The petition does not state any fact making defendant individually liable. The suit is brought as administratrix and the judgment is in her favor individually.

Scott, Judge, delivered the opinion of the court.

The proceedings in this case are not remarkable for their regularity, but we are not prepared to say that substantial justice has not been done by the judgment of the court below. The defendant has no right whatever to the money or property in controversy. His intestate Barker only claimed the fund as trustee, and why suffer the defendant, claiming as Barker's administrator, to hold it against the *cestui que trust?* The fact that the money and property were recovered from the plaintiff (Mrs. Barker) by the defendant Crouch, as ad-

ministrator of her husband, is no defence for him in this suit. If he sued for and recovered trust property, he is a trustee. The circumstance that the present plaintiff was the defendant in that suit can make no difference, as she did not then claim the property as *cestui que trust*, but has since become entitled to it. As administrator of Barker, Crouch had nothing to do with funds which he held as trustee. It does not appear on what grounds Crouch recovered a judgment against the plaintiff Mrs. Barker. If one comes in possession of trust property, whether by suit or otherwise, he being a volunteer will be affected with the trust as to the *cestui que trust*. If at the time of the suit against Mrs. Barker (the plaintiff) she wrongfully held the trust property, and Crouch, the defendant, having the legal title, recovered it from her, he would still hold it subject to the trust. In this view we can see no objection to the judgment against him personally. By bringing the suit he accepted the trust, and having possessed himself of the trust fund, there is no hardship in holding him personally liable, especially as it does not appear that he appropriated the property in any way to the benefit of Barker's estate. (Valingen's Adm'r v. Duffy, 14 Pet. 282.)

The judgment will be affirmed; Judge Richardson concurs. Judge Napton absent.