JAMES H. WOODLEE, Appellant, *v.* LYMAN J. BURCH, Respondent.

1. *Administrator — Mortgages — Trusts.*—Where the administrator of a mortgagee sold the property under the mortgage, and bought the property at such sale, and afterward sold it for a higher price, he did not thereby become a trustee for the mortgagor for the profits. He is a trustee for the beneficiary,

but not for the debtor; as to the trust the debtor is a stranger. The administrator stands in the shoes of the deceased; and a mortgagee is not within the rule forbidding trustees or agents from purchasing estates with which they have been intrusted. If mortgagees are not, neither are their personal representatives.

2. *Administrator — Responsibility to estate.— Semble:* that an administrator of a mortgagee, who sells the · property under the mortgage, buys it himself, and sells it at a higher price, may be held accountable to the estate for the profit arising from such purchase and sale.

## *Appeal from Third District Court.*

The facts sufficiently appear in the opinion of the court.

*James F. Hardin,* for appellant.

I. After condition broken, the mortgagee may take the mortgaged property, and will hold it as trustee for the mortgagor.

II. In this case Burch was clearly the trustee of both Woodlee and the heirs of Stemmons, and could take no benefit to himself from the transaction. ( 28 Mo. 106; 37 Mo. 559; 2 Sto. Eq. Jur. 1211, 1211 *a*; 9 Paige, 663; *id.* 237–241; 4 Sand. Ch. 37; 1 Seld. 256; 4 How. 503; 2 Johns. Ch. 270; Will. Eq. Jur. 605; 2 Cox, 320; 1 Cox, 134; 5 Ves. 707.)

III. He was bound to pay over to the heirs of Stemmons $4,000, the sum received by him for the land. Then, as a necessary corollary, Woodlee was entitled to a credit corresponding exactly to the sum paid on the debt. Courts of equity will not permit one occupying such a relation to pocket $1,540 and defraud either the State or defendant out of the same.

*T. A. Sherwood,* with *N. Bray,* for respondent.

I. A mortgagee is not within the rule which prohibits a trustee from purchasing a trust estate. ( 2 Sugd. Vend. 111, 112; McNair v. Biddle, 8 Mo. 257; Cooley v. Rankin, 11 Mo. 642; 1 Hill. Mort. 198, § 25.)

II. If the mortgagee bids in the mortgaged premises for less than a mortgage debt, the mortgagor cannot compel him to enter satisfaction. ( Pierce v. Potter, 7 Watts, 475; Neil v. Thompson, 405; 2 Green Ch. 513.) Though oppressive conduct

was charged, not the slightest shade of unfairness was elicited in the evidence on the trial. The mortgagor is present at the sale. An attorney proclaims that the title is perfect. Several months afterward the property is sold at an advance. Unless unfair dealing be shown, the moment the sheriff strikes off the property at a foreclosure sale, the rights of the mortgagor are gone forever. Any other rule would be productive of injury, instead of benefit, to all concerned.

III. If Stemmons, the mortgagee, had the right to purchase, he is not to be deemed a trustee in regard to mortgaged premises. Is his administrator to occupy a worse position?

IV. Whatever may be the *status* of the administrator toward the heirs of the mortgagee in respect to any profit realized out of the transaction, this cannot avail the mortgagor, and his bill was properly dismissed.

BLISS, Judge, delivered the opinion of the court.

The appellant filed his petition in equity in the Jasper County Circuit Court, setting forth that defendant was public administrator in charge of the estate of one Stemmons; that as such administrator he foreclosed a mortgage given by appellant to his decedent, obtained a judgment for over $4,000 and order of sale; that at the sale he himself bid in the property "at a nominal sum," and soon after sold the same for $4,000; and prays that he be decreed to apply the proceeds of the last sale upon the mortgage debt. It appears from the answer and evidence that defendant gave for the land $2,460; that the plaintiff and his attorney were present at the sale, bidding; that defendant was the highest and best bidder, and that, in a few months after, he sold the property for $4,000.

It is claimed by the appellant that Burch, administrator of Stemmons, was trustee as well for plaintiff, Woodlee, as for the estate of Stemmons. We have examined the authorities submitted by him, and do not find one to sustain that view. In Boardman v. Florez, 37 Mo. 559, the trustee and agent is justly compelled to account to his principal for the proceeds of a sale of a trust estate he had before bid in at a comparatively small sum.

In Coffee's Adm'x v. Crouch, 28 Mo. 106, the trustee is required to hold a trust fund of which he has obtained possession for the benefit of the *cestui que trust*. In Torrey v. Bank of Orleans, 9 Paige Ch. 694, while the same doctrine is enforced, nothing is decided that would make a trustee who purchased at sheriff's sale for the benefit of his beneficiary also a trustee for the debtor whose property is sold. Other cases are cited, but they only affirm the doctrine of Boardman v. Florez in our own State. That doctrine is so well and thoroughly settled, that a trustee can not act for his own benefit in the matter of the trust, as not to admit of dispute. If the defendant should refuse to account to the estate of Stemmons for the $4,000 received for the property, a case would arise within the authorities. But as to the plaintiff, he is a stranger. No trust exists between them, unless every mortgage creditor is a trustee for his debtor. He was not a party to the mortgage, and no duty was imposed upon him or his intestate.

•Counsel for plaintiff claim that, inasmuch as the defendant is bound to account to the estate he represents for the whole $4,000, the plaintiff is entitled to a corresponding credit. *Non sequitur*. The defendant stands in the shoes of the deceased. It can hardly be claimed that creditors, when not trustees, are forbidden to bid in property upon sales to enforce judgments or orders obtained by them; and if they bid it in, shall they be forbidden to sell it? Must every such purchaser at sheriff's or trustee's sale be compelled to hold on to the property bought, or be forbidden to sell at a greater price than he gave? Or if he should obtain an advance, must he account for the difference?

A mortgagee is not within the rule forbidding trustees or agents from purchasing estates with whose disposition they have been intrusted. If mortgagees are not, neither their personal representatives. (McNair v. Biddle, 8 Mo. 257; Cooley v. Rankin, 11 Mo. 642; Neil v. Thompson, 4 Watts, 405; Pierce v. Potter, 7 Watts, 475.)

It should be remarked that there was no motion in the Circuit Court to set aside the sale, nor is there any allegation or evidence of fraud.

The District Court affirmed the judgment of the Circuit Court dismissing the petition, and the judgment of the District Court is affirmed in this court. The other judges concur.