**John M. NOEL and Lia J. Noel, Appellants,**

v.

**FIRST FINANCIAL BANK, Appellee.**

Superior Court of Pennsylvania.

Argued March 31, 2004.

Filed July 16, 2004.

---

**4.** *See also Curry, supra.*

Thomas V. Gebler, Pittsburgh, for appellants.

Daniel S. Bernheim, III, Pittsburgh, for appellee.

BEFORE: FORD ELLIOTT, LALLY-GREEN, and TODD, JJ.

OPINION BY LALLY-GREEN, J.:

¶ 1 Appellants, John M. and Lia J. Noel, appeal from the order dated July 22, 2003, granting the motion for summary judgment of Appellee, First Financial Bank,

and dismissing Appellants' claims with prejudice. We reverse.

¶ 2 The trial court found the following facts:

Plaintiffs, John M. Noel and Lisa J. Noel (hereinafter "Plaintiffs"), are the former owners of a condominium unit which they purchased on March 31, 1997. In order to purchase the property, Plaintiffs secured a mortgage from Pennwood Savings Bank, which later merged with Fidelity Bank. Fidelity Bank subsequently assigned the mortgage to First Financial Bank on September 30, 2000.

In January of 2002, Plaintiffs undertook to sell the condominium unit. They obtained a payoff quote from Defendant on January 24, 2002, which listed a payoff amount due of $91,946.00. Through their closing agent, plaintiffs tendered exactly $91,946.00 on January 31, 2002. Accompanying the payment was a letter from the closing agent requesting that the Defendant apply the funds to the loan in full satisfaction of the mortgage. Additionally, Plaintiffs requested that Defendant immediately forward a mortgage satisfaction piece to their closing agent, with the intention that the closing agent record the satisfaction with the local Recorder of Deeds. Defendant received this information and, through a letter dated February 8, 2002, requested at least sixty (60) days for the Release of Lien document to be mailed.

Defendant later determined that additional information was necessary to complete the satisfaction piece and contacted Plaintiffs' closing agent on June 3, 2002 for assistance. Defendant was unsuccessful in obtaining help from the closing agent, but later found the information from another source. The Mortgage Satisfaction Piece was filed on July

30, 2002, six months after Plaintiffs satisfied the mortgage.

Plaintiffs commenced this action on June 24, 2002 alleging that the Defendant failed to record a satisfaction piece within forty-five (45) days, as required under 21 P.S. §§ 681, 682. Defendant filed an Answer with New Matter challenging Plaintiffs' standing to bring the matter. Additionally, Defendant asserted that Plaintiffs failed to tender all required fees and, that they have not suffered any damage as a result of the delay in filing the mortgage satisfaction piece. Plaintiffs responded, asserting that they qualify as aggrieved parties within the meaning of 21 P.S. § 682, and that they have tendered all costs and fees associated with satisfaction of the mortgage. Plaintiffs also assert that actual damages are not required to prevail on a claim under 21 P.S. §§ 681, 682.

Defendant filed their Motion for Summary Judgment and Memorandum of Law in support thereof on March 28, 2002. Defendant's primary argument raises a question of standing. Specifically, Defendant contends that the remedies outlined in 21 P.S. §§ 681, 682 apply only to current property owners, as opposed to former property owners who have relinquished all interest in the land. Additionally, Defendant asserts that Plaintiffs have not tendered all fees due, and that they have suffered no damages for which compensation is due.

Plaintiffs filed their Brief in Opposition to Defendant's Motion for Summary Judgment on April 17, 2003. Plaintiffs argue that they have met all of the elements necessary to qualify as aggrieved parties under the statute, and that they are properly before the court despite the fact that they no longer owned the land. Additionally, Plaintiffs assert that actual damages are not required under the statute, and that lack of damages is not dispositive of the claim.

Oral arguments were held on July 7, 2003.

Trial Court Opinion, 7/22/03, at 1–3 (footnotes omitted). On July 22, 2003, the trial court granted the summary judgment motion of Appellee. This appeal followed.

■ ¶ 3 Appellants raise one issue on appeal.

Whether the Appellants are "aggrieved parties" under the Mortgage Satisfaction Act, 21 P.S. 681 *et seq?*

Appellants' Brief at 6.

¶ 4 We conduct plenary review of the trial court's order granting summary judgment. *Lewis v. Philadelphia Newspapers, Inc.,* 833 A.2d 185, 190 (Pa.Super.2003).

[A] proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense[.] Under [Civil] Rule 1035.2(2), "if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." Correspondingly, "[t]he non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party."

*Id., quoting, Basile v. H & R Block, Inc.,* 777 A.2d 95, 100–01 (Pa.Super.2001).

¶ 5 Here, we are specifically asked to consider whether Appellants, as former owners of the property, have standing to sue under 21 P.S. § 682 for the failure of Appellee to mark the mortgage in question satisfied.

¶ 6 We note that when the language of a statute is clear and unambiguous, it is not to be disregarded under the pretext of pursuing the spirit of the statute. 1 Pa. C.S.A. § 1921(b). The plain words of a statute cannot be disregarded where the language is free and clear from all ambiguities. *Commonwealth v. Heberling,* 451 Pa.Super. 119, 678 A.2d 794, 795 (1996). Furthermore, "words and phrases shall be construed according to the rules of grammar and according to their common and approved usage." 1 Pa.C.S.A. § 1903(a). It is only when a statute is unclear that we may embark upon the task of ascertaining the intent of the Legislature by reviewing the necessity of the act, the objective to be obtained, the circumstances under which it was enacted and the mischief to be remedied. *Id.*

¶ 7 Section 681, 21 P.S. § 681, of the Mortgage Satisfaction Law, states:

Any mortgagee of any real or personal estates in the Commonwealth, having received full satisfaction and payment of all such sum and sums of money as are really due to him by such mortgage, shall, at the request of the mortgagor, enter satisfaction either upon the margin of the record of such mortgage recorded in the said office or by means of a satisfaction piece, which shall forever thereafter discharge, defeat and release the same; and shall likewise bar all actions brought, or to be brought thereupon.

21 P.S. § 681.[1]

¶ 8 Section 682, 21 P.S. § 682, pertains to a fine for failure to satisfy the mortgage, and states:

And if such mortgagee, by himself or his attorney, shall not, within forty-five days after request and tender made for his reasonable charges, return to the said office, and there make such acknowledgement as aforesaid, he, she or they, neglecting so to do, shall for every such offence, forfeit and pay, unto the party or parties aggrieved, any sum not exceeding the mortgage-money to be recovered in any Court of Record within this Commonwealth, by bill, complaint or information.

21 P.S. § 682 (footnotes omitted). The Supreme Court described the remedy under Section 682 of the statute as having the dual purpose of compensating the aggrieved party and punishing the offending party. *Pantuso Motors, Inc. v. CoreStates Bank, N.A.,* 568 Pa. 601, 798 A.2d 1277, 1283 (2002), *citing Werner v. Automobile Finance Co.,* 347 Pa. 217, 31 A.2d 898, 899 (1943).

■ ¶ 9 In summary, Sections 681 and 682, thus, require the following. To prove entitlement to a statutory fine for a mortgagee's failure to mark a mortgage satisfied, a mortgagor must demonstrate that: 1) he has paid all sums due and owing pursuant to the mortgage; 2) he requested the mortgagee to satisfy the mortgage; and 3) the mortgagee failed to mark the mortgage satisfied within 45 days of the request. *O'Donoghue v. Laurel Savings Ass'n.,* 556 Pa. 349, 728 A.2d 914, 917 (1999). *See also, Levin v. Weissman,* 594 F.Supp. 322, 324 (E.D.Pa.1984), *aff'd,* 760 F.2d 258 (3d Cir.1985) (mortgagor may recover penalty up to amount of mortgage

1. Sections 681 and 682, 21 P.S. §§ 681 and 682, have been repealed to the extent that they are inconsistent with the Mortgage Satisfaction Act of 2002, effective February 7, 2003. However, the Mortgage Satisfaction Act applies to all mortgages on real property which have not been satisfied prior to the effective date of the Act. Here, Appellants' mortgage was satisfied on March 30, 2002, and, hence, the Mortgage Satisfaction Act of 2002 does not apply.

money after receipt of full satisfaction and payment of all money due; request by mortgagor to mark mortgage satisfied; and, tender by mortgagor of costs of marking mortgage satisfied).[2]

¶ 10 Our review of the plain language of Section 681 and Section 682, and of the cases construing those sections, reflects that only three requirements are necessary: 1) the mortgagor has paid all sums due and owing; 2) the mortgagor has requested the mortgagee to satisfy the mortgage; and 3) the mortgagee has failed to mark the mortgage satisfied within 45 days of the request. 21 P.S. § 681, 682; *O'Donoghue; I & S Associates Trust.* No other requirements are indicated as necessary under these sections.[3] The sections, for example, do not require that a party own the property to pursue a cause of action. Rather, the purpose of the statute and Sections 681 and 682 is to ensure that the bank or financial institution clear up title within 45 days of the request of the former borrower and to compensate the former borrower for the bank's failure to do so. 21 P.S. § 681, 682; *Pantuso Motors, Inc.*

¶ 11 Section 681 explicitly uses the term "mortgagor" when referencing the party making the request for satisfaction of the mortgage. Section 682 references the "party or parties aggrieved" when referencing who is entitled to the civil penalty for failure of the mortgagee to satisfy the mortgage. From a plain reading of Sections 681 and 682, these terms are interchangeable and reference the party with the fully-paid mortgage who has requested the bank to mark the fully-paid mortgage satisfied on the public record.

¶ 12 The trial court addressed this issue as follows:

In this instance, the question is whether 21 P.S. § 682 confers standing to sue upon a former property holder who no longer has ownership of the land....

Defendant contends that the general purpose of 21 P.S. §§ 681, 682 is to prevent "clouds" or uncertainties in title arising from a mortgagee's failure to properly satisfy a mortgage. From this, Defendant concludes that Plaintiffs, who admittedly do not have any continuing ownership interest in the land, are not aggrieved parties under the statute. Rather, Defendant argues that the aggrieved party in this instance would be a subsequent purchaser who may be confronted with the task of establishing good title in the face of an unsatisfied mortgage on record. To support this argument, Defendants rely on *Pierce v. Potter,* 7 Watts 475 (Pa.1838), in which a former property holder with no interest in the land was not considered an aggrieved party for purposes of establishing standing under the statute.

In *Pierce,* the Supreme Court of Pennsylvania was faced with the question of whether a mortgagor who lost his property at a sheriff's sale was entitled to bring suit under §§ 9, 10 of the Act of May 27, 1715. In deciding this issue,

---

2. Also, in a district court opinion affirmed by the Third Circuit, the Eastern District has held that tender of full payment by a mortgagor who is "ready, willing and able to pay" is all that the statute requires. *I & S Associates Trust v. LaSalle National Bank,* 2001 WL 1143489, 2001 U.S. Dist. LEXIS 15223 (E.D.Pa. Sept. 26, 2001), *citing Levin v. Weissman,* 594 F.Supp. at 327.

3. Further, though not relevant at this stage of the case, the mortgagor need not prove actual damage by the refusal of the mortgagee to enter the satisfaction. *Werner v. Automobile Finance Co.,* 347 Pa. 217, 31 A.2d 898 (1943).

the court noted that a former owner, with no right or interest in the land whatsoever, is not a party aggrieved for purposes of the statute. Specifically, the Court stated of the plaintiff that, "He is not the owner now of the mortgaged land; and has no right or interest in it whatever... He therefore cannot be said to be aggrieved by any neglect or refusal on the part of the defendant to enter such satisfaction...". In essence, the Court held that the plaintiff did not have a sufficient connection with the land to qualify as an aggrieved party. Presently, Defendant urges this Court to adopt this reasoning in the present case.

Plaintiffs, on the other hand, argue that the holding in *Pierce* is limited to situations in which the land was the subject of a sheriff's sale, and that it does not extend to situations in which a mortgagor tenders full payment in satisfaction of the mortgage. Relying on *O'Donoghue v. Laurel Savings Association*, 556 Pa. 349, 728 A.2d 914 (1999), Plaintiffs conten[d] that, in such cases, a party is aggrieved provided he has paid all sums due and owing pursuant to the mortgage; has requested that the mortgagee satisfy the mortgage; and the mortgagee has failed to mark the mortgage satisfied within forty-five (45) days. Plaintiffs contend that, since they have fulfilled the elements outlined in *O'Donoghue*, they qualify as aggrieved parties and therefore have standing to bring suit. *O'Donoghue*, however, is distinguishable.

The *O'Donoghue* case is similar to Plaintiffs' in two respects. The *O'Donoghue* plaintiffs had paid their mortgage in full, and they brought suit against a mortgagor after the lender failed to mark their mortgage satisfied. There is, however, an important distinction in the facts. The *O'Donoghue* plaintiffs had satisfied the mortgage in question

as a result of a refinance, and they were still the owners of the property at the time they filed the suit. The Plaintiffs currently before this Court sold the property when they paid off the mortgage, and they no longer have any ownership interest in the land itself. As such, the facts are on point with the *Pierce* decision discussed above.

Despite the fact that the *Pierce* decision was handed down nearly 165 years ago, the decision is still good law and this Court finds the reasoning persuasive. The central goal of the predecessor to 21 P.S. §§ 681, 682, the Act of May 28, 1715, was to prevent uncertainties in title. The act sought to make recordation of mortgage satisfaction pieces a prerequisite to the ability to pass good title to subsequent purchasers. As such, the aim of the statute was to provide those in possession of land with a mechanism by which to compel a mortgagee to enter satisfaction on a previously paid mortgage, thereby clearing any clouds on the title. Plaintiffs do not fall within the class of individuals that the statute sought to protect.

Plaintiffs allege that they maintain an interest in the mortgage since they were forced to carry it on their credit report; however, we fail to see how this confers standing on them under §§ 681, 682. A mortgage is an immediate pledge of the property itself, regardless [of] the identity of [the] property owner. The mortgage is an obligation that runs with the land. The fact that the personal obligation may have remained on Plaintiffs' credit report is not addressed by .the statute in question. The personal obligation of Plaintiffs to the lender is established through the mortgage note. The note establishing this obligation is distinct from the mortgage on the land in question. The issue in this case is the mortgage lien on the land. The personal obligation of the Plaintiffs, former

owners, is not the focus of the statute. As such, Plaintiffs no longer have any interest in the land; consequently, they do not have a sufficient interest in the matter to confer standing under the statute.

In light of the fact that Plaintiffs have failed to show a direct, immediate or substantial harm that could be remedied by application of this statute, this Court finds that no genuine issues of material fact exist as to Plaintiffs' standing to bring suit under 21 P.S. §§ 681, 682. As such, Defendant's Motion for Summary Judgment on the basis of lack of standing is granted.

Trial Court Opinion, 7/22/03, at 5–8 (footnotes and citations omitted).

¶ 13 The esteemed trial court determined that Appellants lacked standing to bring an action under Section 682 because Appellants no longer owned the property.[4] In so determining, the trial court added a condition of ownership that is not a requirement in either Section 681 or 682 of the statute. Rather, the plain meaning of Sections 681 and 682 is to allow aggrieved parties to pursue actions for penalties even though they do not continue to own the land that was mortgaged.

¶ 14 The record reflects that Appellants requested a payoff quote on January 24, 2002. Appellants satisfied their mortgage in full by paying $91,946.00 to Appellee on January 31, 2002. On the same date, Appellants asked that the mortgage be marked satisfied. Appellee acknowledged receipt of the payment of the full mortgage amount but failed to prepare a mortgage satisfaction piece or mark the mortgage satisfied until July 30, 2002, six months after the request. Appellants, thus, satisfied the required elements necessary to obtain a civil penalty under Section 682. 21 P.S. § 682; *O'Donoghue.*

¶ 15 Because there is sufficient evidence of record from which to conclude that all of the requisite statutory elements have been satisfied, Appellants are entitled to maintain an action for a penalty against Appellee under Section 682. The learned trial court, thus, erred in granting Appellee's Motion for Summary Judgment on the basis of lack of standing of Appellants.[5]

¶ 16 Order reversed. Case remanded. Jurisdiction relinquished.

---

**4.** The trial court relied upon *Pierce v. Potter*, 7 Watts 475 (Pa.1838), in support of its determination that Appellants lacked standing. In *Pierce*, Potter sold a parcel of land to Pierce. Potter financed Pierce's purchase by taking back a note and a mortgage. Pierce defaulted and the property was sold at a sheriff's sale to Potter for a price much less than Pierce's purchase price. Pierce then sued Potter under the Act because Potter did not mark the mortgage satisfied. The Supreme Court held that Pierce lacked standing to sue under the Act. In *Pierce*, the Supreme Court determined that "There is, therefore, no pretence for saying that the debt mentioned in the mortgage has been satisfied; and this being the case, it necessarily follows that the plaintiff had no right to require of the defendant, that he should acknowledge satisfaction either upon the margin of the record of the mort-

gage in the recorder's office or elsewhere; consequently he has no right to maintain this suit." *Id.* at 478. The Court, thus, determined that the landowner lacked standing to pursue satisfaction of the mortgage because the mortgage debt was not satisfied.

Here, it is not disputed that Appellants satisfied the mortgage in full. Thus, *Pierce* is inapplicable to Appellants' case. The learned trial court's reliance thereon is misplaced.

**5.** Our reversal of the grant of summary judgment by the trial court is limited to a determination that Appellants have standing to maintain a cause of action under the statute in question. Our disposition does not, however, speak to the nature and amount of damages, if any, that may be awarded in this case.