*197 The opinion of the court was delivered by
Huston, J.
Joseph Sims was plaintiff below, aud brought a suit against Alexander Henry, on the 14th section of the act of 15th of April, 1791, which is in these words; “ Whereas, it frequently happens, that judgments long remain unsatisfied on record, although the moneys forwhich those judgments have been rendered, are justly discharged, whereby defendants, in such cases, as well as the subsequent purchasers of real property suffer much vexation and inconve-. nience; Be it enacted, that each and every person having received satisfaction for his or their debt or damages, recovered by judgment in any court of record within this commonwealth, shall at the request of the defendant or defendants in the action, or of his, her, or their legal representatives, or other person concerned in interest therein, on payment of the costs of suit, and on tender of his reasonable charges and the costs of office for entering satisfaction, within eighty days after such request made, enter satisfaction of the judgment in the office of the prothonotary'of the court, where such judgment was or shall be entered; which shall for ever thereafter discharge, defeat, and release the same: and if such person having received such satisfaction as aforesaid, by himself or his attorney, shall not within eighty days after request and payment of the costs of suit, and tender of .charges as aforesaid, repair to the said office, and there enter satisfaction as aforesaid, he, she, or they, neglecting or refusing so to do, shall forfeit and pay unto the party,or parties aggrieved any sum of money not exceeding one half of the debt or damages so adjudged and recovered, to be sued for and demanded, by the defendant or persons damnified, in like manner as other debts are now recoverable by law in this commonwealth.”
Joseph Sims had given to Alexander Henry, a mortgage to secure the payment of 10,000 dollars and interest. Alexander Henry had sued out a scire facias on this mortgage, and on the 23d of June, 1823, the defendant agreed to a judgment, as if on a report of .arbitrators, for 10,600 dollars, and judgment thereon was on that day entered on the docket; but entered, as usual in this state, by setting down the date, and writing the word judgment. The defendant below gave no evidence; the jury gave a verdict for 2500 .dollars; a former jury had given 8,000 dollars, which the court had set aside.
Mr. Henry had issued a levari facias, and sold the property mortgaged, or a part of it, (and it did not appear which,) and had received the whole of his debt and interest; and the costs of all the offices, including the prothonotavy’s fee on entering satisfaction, had been paid out of the proceeds of the sale. Both parties lived in this city.
Two matters of defence were relied on. 1. That the judgment which was plainly entered in the usual form on the docket, was not *198 such a judgment as is contemplated by the act above cited; and a distinction was shown to exist in England, between a judgment in a common adversary suit for debt or damages, which is that the plaintiff shall recover, &c. (quod recuperet) and a judgment on a scire facias, which is, that plaintiff shall have execution, &c. Admit this,to be so in England, whore, perhaps, no scire facias ever issues except on a judgment or recognizance of record in the court which issues the scirefacias. But here, we issue in the Common Pleas, a scire facias on a recognizance taken in the Quarter Sessions or other criminal court; on a recognizance taken in the Orphans’ Court; on the recognizance of a sheriff or coroner, and sureties taken and recorded in the recorder’s office, and on a mortgage and many other matters. And long and uninterrupted usage has sanctioned, or perhaps the nature of the proceeding required, that the judgment on the scire facias should be quod recuperet. An old act of Assembly gives interest on a judgment in this state, from the time of entering judgment; and, perhaps, from that reason, on a scirefacias to show cause why an execution should not issue on a judgment a year old, the judgment here is, that plaintiff recovers his debt and interest; and the year having elapsed, a second scire facias issues, to show cause why execution should not issue on the judgment obtained on the first scire facias, and so on; the principal and interest being joined to make the amount of each new judgment. I brought this.matter before the Supreme Court, in the case of Fries against Watson, (5 Binn. 226,) where the plaintiff by issuing a scire facias every year, for a long time, had, in fact, been getting interest on interest. Judge Tilghman was so struck with the oppression of that case, that it was held under advisement; but the result was that the practice, though directly contrary to the law and practice in England, was too old, and too well established to be altered, except by the legislature.
But the 6th section of the act of 1705, was read and relied on. That act prescribes the mode of proceeding to collect the money due on a mortgage; a scire facias is to issue, summoning the defendant to appear and show cause, if any he hath, wdiy the mortgaged premises should not be seized and taken in execution, to pay the mortgage money with interest. It then proceeds to allow of defence by the mortgagor and pleas, and that he may show' that'the .whole or part of the debt is paid, &c. &c.; or if he does not appear, an inquest in certain cases is to ascertain the amount due, “ and the definitive judgment, as well as all other judgments to be given upon .such scire facias, shall be entered, that the plaintiff, in such scire facias shall have execution by levari facias, directed to the proper ' officerby virtue of which the mortgaged premises arc to be sold, &c.; and it was strenuously contended, that this act was express, that the judgment should be only that execution should issue. 1 do not admit this construction, and if I did, the consequence contended *199 for would not follow. The act does not purport to give the terms of the judgment, except in one particular; it designates the kind of execution, viz. a levari facias. It does not say it shall be for the-sum found by the jury; it does not even state that-the judgment or the execution shall affect the lands alone which were mortgaged. The officer is directed to take and expose to sale the mortgaged premises; and the judgment must be to levy the debt of those lands; but this arises from the nature of the proceedings; it is not directed by the act. The words “ definitive judgment, as well as all other judgments,” refer, I suppose, to the judgment first had in court, and to judgment on a scire facias to revive that judgment, if no execution has issued on it within a year. It is admitted that the constant practice has been to issue a scire facias to revive the first judgment, where execution has not issued within a year; and that the amount of the first judgment and interest from its date, added together, make the amount of a second judgment, and so on as often as a scire facias issues,
A judgment may be quocl recuperet, and yet be, that it be levied from particular lands; as a judgment against a devisee of lands devised, subject to the payment of a particular sum. So one of several heirs takes land at a valuation in the Orphans’ Court, and enters into recognizance to pay money to another heir, and then sells the lands; and debt is brought or scire facias, on the recognizance, with notice to the terre tenant; on such suit the judgment is, as to the terre te? nant, to be levied of the lands bound by the recognizance. Yet, iri both these cases, there is a judgment within the letter and spirit, too; of the act first cited; if the amount due on such judgment is paid; and after request the plaintiff does not enter satisfaction on such judgment, I can find no reason why he is not liable to the penalty. “ Each and every person having received satisfaction for his or their'debt or damages recovered b.y any judgment in any court ofrecm'd,” would seem to take in every judgment on which any execution could issue or which bound any land; and if it does not include every judgment in every court of record, which can be satisfied, and has beeii satisfied by payment of money, I do not see how it can include any judgment. It is not left to. this or any other court to discriminate. There may be a definitive judgment on a scire facias on a mortgage ; and the act in question has no restriction to the peculiar process by which the judgment was brought into court; nor to whether it binds all lands of the defendant, or only part of his lands; or whether he has any lands to be bound by it, or not. I then suppose; that the practice, as far back as we have information of the mode of entering judgment on a scire facias on a mortgage, though questionable at first, is like the judgment on a scire facias to show causé why an execution should riot issue, too old and too well established to be now altered; and that a judgment that execution issue, is *200 as much within the letter and spirit of the act first cited, as a judgment quod recuperet. It is a judgment which binds lands, on which • an execution may issue for debt or damages; and if the debt or damages are paid, and satisfaction is not entered on request, the party may incur the penalty of the law.
The other objection urged, was to the damages. It is so well settled, that a court of error cannot reverse on that account, that it might seem enough to say that the only remedy for this was by a motion for a new trial; but it was insisted that there may be cases where the court are bound to tell a jury that only nominal damages can be given, and that this is one of those cases. I will observe that the court here were not asked to tell the jury so. There would be no end of reversing judgments, if we should reverse because the court did not, in every case, lay down the law on every point which can be made in a cause, although the point was not brought to their consideration. But I doubt whether there is any general rule, which, under all circumstances, will authorize a court to tell a jury they must find only nominal damages. When an act is done which really injures no one, and is done for the purpose of trying a right, nominal damages are generally directed; but if, from the evidence, the jury believe, that though nominally, to try a right, yet in fact it was done maliciously, or vexatiously, or insolently, with intention to injure at least the feelings of the other party; they may go beyond nominal damages; and if the court set aside one verdict and a second jury find in the same manner, I would not advise a judge to set it aside, on the same account; for it is the legitimate province of a jury to find not only that a fact was done, but what were really the motives and manner of doing it. There is nothing in the act in question from which it can be even inferred that the amount of the verdict should depend on the damages actually sustained. The object is to compel a man to do a plain act of justice, the omission to do which may be vexatious or injurious to another. There is a description of those who may sue, in three several clauses of the act; first, the defendant or his representatives; next, the party grieved; and then, the defendant in the judgment, or the party damnified, and they all mean the same thing; the defendant, or party damnified, cannot, in this place, be tortured to mean that no person can sue and recover unless he has sustained actual damage. I do not say, that if actual damage has been sustained, it may not form a proper subject of consideration with a jury; but an insolvent person may sue and recover; a man who never owned any lands may sue and recover; and the obstinacy of the plaintiff in the judgment in refusing to enter satisfaction; the manner of refusing; the hardship of the refusal; in short, everything which can and does make acts the subject of praise or censure; as of honesty or dishonesty, of kindness or cruelty, may enter into the consideration of the jury; and *201 I doubt whether there is any case under this act, where the money and costs are admitted to be paid, and where the plaintiff repeatedlyjfrefuses to enter satisfaction without excuse, • in which a court-, could tell a jury, they must find .only nominal damages.'
Judgment-affirmed.