## Allen *versus* Conrad.

1. An execution issued on a judgment which was stayed by order of the court (and so returned by the sheriff) on the defendant paying the debt and costs to the sheriff. *Held*, that this was not such a satisfaction of the judgment as is required by the 14th section of the Act of April 13th 1791.

2. The act is precise in its requirements, that the defendant's estate may be relieved of the lien, and that purchasers, encumbrancers and all others may have the same evidence of the discharge of the judgment as of its entry and existence.

3. The act prescribes no measure of damages for neglecting to enter satisfaction, except limiting them to one-half the judgment; the court below declined to limit the jury to nominal damages, although there was no evidence of special damage. *Held*, that this was not error.

ERROR to the District Court of *Philadelphia*.

This was an action of debt by Osborn Conrad against John H. Allen, on the Act of April 13th 1791, § 14 (Purd. 576, pl. 27, 3 Sm. L. 32), for not entering satisfaction on a judgment. Allen issued execution on a judgment he held against Conrad for $2936.

Conrad made affidavit that, on the 19th of February before, he had tendered to Allen the whole amount of debt, interest and costs, and obtained a rule on the sheriff and plaintiff to show cause why he should not pay to the sheriff the whole amount of debt, interest and costs to that day, in full satisfaction of the debt and costs, and the same day proceedings were stayed. The rule was made absolute April 9th 1864, and the sheriff returned the execution "stayed by order of the court."

Conrad paid the money to the sheriff, and Allen received the amount due to him.

Conrad afterwards requested Allen to enter satisfaction on the judgment, and paid him the fees for doing so. Allen neglected to enter satisfaction, and this suit was brought against him.

[Allen *v.* Conrad.]

The defendant submitted these points:—

1. That the payment of the money to the sheriff, by the plaintiff (Conrad), is not a payment to the defendant (Allen) or his attorney, within the meaning of the 14th section of the Act of April 13th 1791.

2. The payment of the money to the sheriff was of itself satisfaction of the judgment, and the defendant is not liable, because he has not entered satisfaction in the office of the prothonotary.

3. If the jury believe that the money was paid to the sheriff, under judicial process, the verdict should be for the defendant.

4. No damage can be given beyond nominal damage, unless actual damage have been proven, and there is no evidence showing actual damage.

The court charged:—

"I decline to affirm these points, and instruct you that the plaintiff is not required to prove special damages. It is for you to say what damages you will give the plaintiff short of one-half of the judgment. You may take into consideration, in assessing damages, that the plaintiff has just satisfied the judgment of record."

To which charge the defendant excepted.

The verdict was for the plaintiff for $656.

The specifications of error were, that the learned judge declined to affirm the points of the defendant below, and instructed the jury that the plaintiff below was not bound to prove special damages.

*Amos Briggs*, for plaintiff in error.—Payment to the sheriff is in itself satisfaction: Porter *v.* Boone, 1 W. & S. 252; Freeman *v.* Caldwell, 10 Watts 12; and the sheriff's return would place on the record with the judgment evidence of satisfaction. The act applies only to cases when the defendant himself pays without process. Peirce *v.* Potter, 7 Watts 479, Henry *v.* Sims, 1 Whart. 187, did not determine this question.

The act limits the damages, but does not authorize the jury to give more than is shown to have been sustained: Sedgwick on Damages 46.

*J. A. Simpson*, for defendant in error.

The opinion of the court was delivered, March 5th 1866, by

Woodward, C. J.—This was an action of debt upon statute. Allen held by assignment a judgment against Conrad, upon the record of the District Court of December Term 1863, No. 177, for the sum of $2936, which, after payment in full and after the statutory demand for satisfaction, he had failed to satisfy of

[Allen *v.* Conrad.]

record. This suit was brought to recover damages for that neglect.

It was objected that the action would not lie, because the record exhibited such proceedings upon the judgment as amounted in law to a satisfaction of it, and therefore a formal entry of satisfaction was not necessary under the 14th section of the Act of Assembly of 13th April 1791, Purd. 576.

The proceedings alluded to were as follow: On the 7th of March 1864 a writ of *venditioni exponas* having issued upon the said judgment, and being then in the sheriff's hands, Conrad, the defendant, made his affidavit that on the 9th day of February, before, he had tendered to the plaintiff the whole amount of debt, interest and costs, up to that time, and he prayed for a rule upon the sheriff and plaintiff to show cause why he should not pay to the sheriff the amount of debt, interest and costs accrued to the 9th day of February, in full satisfaction of the said debt and costs. On the same day such a rule was granted and proceedings stayed. April 9th 1864, the rule was made absolute, and the sheriff returned the *vend. exp.* "Stayed by order of the court." There was no record evidence of the actual payment of the money to the sheriff, though the fact of payment to him, and by him to the plaintiff, was proved upon the trial of this cause.

Now, giving the utmost effect to the above proceedings that can reasonably be claimed for them, they amount to no more than an inferential satisfaction of the judgment. Grant that a searcher of records, who happened to possess legal skill enough to know the effect of a rule made absolute, might infer that the judgment had been satisfied, yet the statute contemplates something more palpable; something which the man most ignorant of legal forms would understand to be satisfaction. It makes it the duty of the person who has received satisfaction, within eighty days after request, to repair to the office of the prothonotary of the court where the judgment is, and there "in the office" of the said prothonotary to enter satisfaction of the judgment, which shall "for ever discharge, defeat and release the same." The statute is thus precise in prescribing the duty to be done, in order that the defendant's estate may be relieved of the lien, and in order also that purchasers, encumbrancers and all the world may have the same evidence, in kind and degree, of the satisfaction and discharge of the judgment, as of its entry and existence. Inquirers are not to be obliged to search files, and to weigh the legal effect of sheriffs' returns of writs of execution; but the *record of the judgment* is to be made to inform them that the judgment no longer exists.

Would a prudent conveyancer have passed a title of the defendant as unencumbered, with this record before him? He would have found the judicial order for staying the *vend. exp.* was made

[Allen *v.* Conrad.]

on the 7th of March, when the rule was granted, and that the sheriff's return "stayed by order of the court," without date, must be referred to that order. But that would imply no payment of money. The rule was for leave to pay the plaintiff the money that had been tendered, and upon granting the rule the execution was stayed; but the rule was not made absolute until the 9th of April. Was the money paid after that date, and in pursuance of the leave thus granted? On this point the record says not a word—it is mute. The conveyancer would have to go farther to satisfy his doubts: he would have to inquire of the sheriff, and examine receipts, and decide a question of fact upon such evidence as he could obtain, which the statute meant should be decided by the plaintiff himself, on the very record of the judgment. The preamble to the statute recites the evils which frequently happen from leaving judgments long unsatisfied on record, although the moneys for which these judgments have been rendered are justly discharged; "whereby defendants in such cases as well as the subsequent purchasers of real property suffer much vexation and inconvenience;" and we must construe the statute so as to suppress the mischief and advance the remedy.

We hold, therefore, that notwithstanding the proceedings alluded to, and the payment of the money to the sheriff, there was no such satisfaction entered upon the judgment in question, as relieved the owner of the judgment from the duty of complying with the defendant's request, and that the action was well brought.

The only other question upon the record regards the measure of damages. The statute prescribes no measure, except as it limits them to not exceeding half of the debt. The court declined to limit the jury to nominal damages, though there was no evidence of special damage. In Henry *v.* Sims, 1 Wh. 187, it was ruled that in such an action actual damages need not be proved, and that the jury may take into consideration all the circumstances by which the party has suffered vexation and inconvenience. In the instance before us the statutory limit was not transcended; and we have no means of measuring the vexation and inconvenience which the defendant's neglect of a plain duty occasioned the plaintiff, and therefore we cannot say that the damages were excessive.

The judgment is affirmed.