THOMAS H. PARKES ET UX. v. THOMAS A. PARKER.

*Extension of mortgage liability—Refusing to discharge mortgage.*

1. A parol agreement that a mortgage shall cover the indebtedness for goods acquired afterwards will not also cover the debts of a partnership subsequently entered into; a written extension would be necessary.

2. The statutory penalty for refusing to discharge a mortgage will not be imposed if the mortgagee refused in good faith and in reliance upon supposed legal rights.

Appeal from Wayne. (Chambers, J.) May 7.—May 13.

BILL to compel discharge of mortgage. Defendant appeals. Affirmed.

*Ervin Palmer* and *William Bonker* for complainant. The terms of a mortgage cannot be varied by any verbal

understanding between the parties before or at the time of its execution: 1 Jones on Mort. § 96; *Adair v. Adair* 5 Mich. 209; *Sutherland v. Crane* Walk. Ch. 523; *Tucker v. Alger* 30 Mich. 67; *Edwards v. Dwight* 68 Ala. 391; but if a mortgage absolute on its face could be made to secure future indebtedness by parol agreement it could only be by clear preponderance of evidence: *Kimball v. Myers* 21 Mich. 286; if a parol agreement could make the mortgage secure future advances, it could only be made at the time such mortgage was made: 1 Jones on Mortg. § 375; *Truscott v. King* 6 N. Y. 147, 161; *Walker v. Snediker* 1 Hoff. Ch. 145; *Hall v. Crouse* 13 Hun 557.

*John G. Hawley* for defendant. A bill to cancel a mortgage must be regarded as a bill in the alternative, to redeem, and the defendant in this case is entitled to a decree for a foreclosure: *Fosdick v. Van Husan* 21 Mich. 567; *Goodenow v. Curtis* 33 Mich. 511.

SHERWOOD, J. The bill in this case was filed to procure a discharge of a mortgage upon the homestead of complainants, and to recover the statutory penalty of the defendant for his refusal to discharge the same. The complainants requested the defendant to make the discharge, and after waiting more than seven days, and the defendant failing to comply, they brought this suit, as the statute permitted them to do. The case was heard on pleadings and proofs, and the circuit judge in his decree found that the complainants had paid the mortgage, and directed the defendant to discharge the same, and pay the costs of the suit, but did not require him to pay the penalty given by the statute. (How. Stat. § 5704.) From this decree the defendant took his appeal to this Court.

The mortgage purports to have been given for the sum of $300, to secure a note of equal amount, bearing the same date, given by the complainant T. H. Parkes, payable in six months after date with interest, and dated December 6, 1873. When the mortgage was given, the complainant T. H. Parkes was engaged in the retail grocery trade, and the defendant in the same business at wholesale. About two months thereafter, complainant T. H. Parkes took in a partner by the

name of Belden, and thereafter did business with his partner
under the firm name of Parkes & Belden.    At the time the
mortgage was given, Parkes claims he only owed the defend
ant a few cents over $50, and the defendant claims he owed
him about $98; and defendant further claims that the mort-
gage was not only given to secure this amount, but for a
continuous credit for groceries, and that when the account
was closed, a large portion of which was with the complain-
ants' firm, there was quite a large sum owing him, and, in-
cluding the firm account, was considerably more than the
sum stated in the mortgage.    It seems, however, to be con-
ceded that if the firm indebtedness cannot be held secured
by the mortgage, then the mortgage was fully paid long
before the request was made of defendant to discharge the
same.

The only agreement claimed, that the mortgage was in-
tended to secure indebtedness for goods which might be
incurred after the making of the mortgage, rested in parol,
and without now determining how far such an agreement
may be shown by parol, if at all, it is quite clear it could not
be made to extend to the partnership indebtedness without a
written agreement to that effect, and none is claimed to have
been made in this case.    We have, however, failed to dis-
cover any intentional wrong in the defendant's refusal to dis-
charge the mortgage; but it rather appears that he was in
good faith relying upon his assumed legal right to withhold
the discharge until the balance of the firm indebtedness was
paid, and have no doubt that such was the interpretation of
defendant's conduct in the premises given by the circuit judge
in withholding the penalty.

Upon the pleadings and the proofs in this record, we think
the decree at the circuit was correct and should be

Affirmed with costs.

The other Justices concurred.