KRONEBUSCH ET AL., Respondents, *v.* RAUMIN, Appellant.

**Pleading — Complaint — Sufficiency — Penalty — Liability for.**

> By § 1735, sub. 6, C. C., a mortgagee, when his mortgage "has been satisfied," is required to execute and acknowledge a certificate of discharge. In case of refusal he is made liable to the mortgagor in a penalty of $100. A complaint for this penalty alleged a tender after maturity of the amount due on the mortgage to the mortgagee, the owner and holder; its immediate deposit in his name with notice in a bank of deposit within the territory of good repute, its still remaining there, and his refusal to discharge the mortgage. On demurrer to this complaint it was held the tender and deposit operated as a satisfaction of the mortgage under § 849, C. C., which provides that "an obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor with some bank of deposit within this territory, of good repute, and notice thereof given to the creditor."

(Argued February 16, 1889; affirmed February 19; opinion filed June 3, 1889.)

APPEAL from the district court, Walsh county; Hon. W, B. McCONNELL, Judge.

*Bosard & Corliss*, for appellant.

The only question is whether a tender of the amount of the mortgage debt made and kept good under sections 848, 849, C. C., constitutes such a satisfaction of the mortgage as will render the mortgagee liable for the penalty prescribed by section 1735, in case he refuses to satisfy the mortgage. The statute is penal and must be strictly construed. Stone v. Lamon, 6 Wis. 497.; Crumbly v. Barden (Wis.), 36 N. W. Rep. 19; Page v. Johnson, 23 Wis. 295.

There is no statute changing this common-law rule in civil cases. Its existence is recognized by section 10, Pen. C., which declares it has no application to that code. This is true of section 602, C. Cr. Pro. These sections relate solely to the particular codes in which they are found. Under this rule it cannot be said a tender kept good is such a satisfaction as section 1735 contemplates. Such a tender extinguishes the obligation, but the penalty is imposed for refusing to satisfy of record, not an extinguished obligation, but a satisfied mortgage. The two words are not synonymous. The word "satisfied" can have a rational interpretation without its being construed to include a constructive satisfaction. The purpose of the section is to punish a person

who having accepted the money refuses to satisfy the mortgage, for that conclusively shows a willful refusal. To extend the statute to a case of tender would give it a harsh construction; there might be punishment where there was no willful conduct. If such a case falls within it the mortgagee, who honestly believes the amount tendered is insufficient, is compelled to decide at the risk of losing a portion of his debt, incurring this penalty in addition to all the damages the mortgagor may sustain. There is no distinction as to whether the refusal proceeds from willfulness, or an honest mistake.

The tender kept good destroys the lien, and the mortgagor may compel satisfaction, and where there is a willful refusal to satisfy, recover damages. It cannot be said that a mortgagee has no right to be mistaken as to the amount due. Crain v. McGoon, 29 Am. Rep. 37.

The construction contended for seems to be settled by the case of Crumbly v. Barden, *supra;* but it will be claimed that in Wisconsin there is no statute providing that a tender kept good extinguishes an obligation. It is submitted that our law on this subject is merely declaratory of the common law.

*W. H. Cobb* and *McLaughlin & Noyes,* for respondents.

The term "satisfied" is one of broad meaning, and used to cover conditions of different instruments. Mortgages may be given as security for any obligation. When given to secure the payment of money, then, certainly, "satisfied" means "paid," but by section 849, C. C., an offer of payment is equivalent to payment under the conditions there stated, which have been complied with by these respondents.

Counsel rely upon Crumbly v. Barden, but the case loses its force when the Wisconsin statute is compared with ours. See R. S. Wis., § 2256 (1878). An offer to perform there has only the effect of carrying costs when pleaded. Id., §§ 4265-9. It does not, as here, extinguish the obligation. Further, in Wisconsin, statutes that are penal in their nature are strictly construed. Stone v. Lannon, 6 Wis. 497. That is not the rule here. § 602, Cr. Pro.

CARLAND, J. The respondents commenced an action in the

district court of Walsh county against appellant to recover the statutory penalty prescribed by section 1735, Civil Code. Subdivision 6 of that section is as follows: "6. When any mortgage has been satisfied, the mortgagee or his assignee must immediately, on demand of the mortgagor, execute and deliver to him a certificate of the discharge thereof, and must, at the expense of the mortgagor, acknowledge the execution thereof so as to entitle it to be recorded, or he must enter satisfaction, or cause satisfaction of such mortgage to be entered of record; and any mortgagee or assignee of such mortgage, who refuses to execute and deliver to the mortgagor the certificate of discharge, and to acknowledge the execution thereof or to enter satisfaction or cause satisfaction to be entered of the mortgage as provided in this chapter, is liable to the mortgagor, or his grantee or heirs, for all damages which he or they may sustain by reason of such refusal, and also forfeit to him or them the sum of one hundred dollars."

The respondents in their complaint alleged, among other averments, " that the said mortgage became due and payable on the 1st day of November, 1887; and that, on the 7th of February, 1888, at the office of defendant, in the court-house in the city of Grafton in said county and territory, and before the commencement of this action, the said mortgage being then past due, and there was then due thereon $101.25, and no more, these plaintiffs tendered to the defendant mortgagee, he being then owner and holder thereof, and the debt secured thereby, one hundred and one dollars and twenty-five cents in lawful money of the United States, in full payment of the amount due on the said mortgage, and in full satisfaction thereof, with all accrued costs; and that said sum was full payment of said mortgage, and full satisfaction thereof; and that these plaintiffs have always been, and still are, ready and willing to pay the same to defendant; and immediately deposited the said sum of one hundred and one dollars and twenty-five cents in the name of the defendant in a bank of deposit of good repute within this territory, to-wit: the First National Bank of Grafton, in the city of Grafton, in said county and territory; and that due notice thereof was there and then given to the defendant; and that said deposit has ever since so remained, and now remains, in the name of the defendant aforesaid."

To the complaint of the plaintiffs in the court below the defendant demurred, alleging as ground of demurrer, that the complaint did not state facts sufficient to constitute a cause of action. After argument, the demurrer was overruled; and, the defendant electing to stand on the demurrer, judgment was entered against him and he appealed to this court.

The argument made in support of the demurrer in the court below, as well as here, was that a valid tender under the laws of Dakota was not a *satisfaction* of the mortgage within the meaning of the statute above quoted. The defendant in the court below admitted by his demurrer the paragraph of the complaint set forth in this opinion, and thus admitted that plaintiffs had made him a valid tender of the correct amount due on the mortgage, and the single question is now presented to this court: Did the valid tender of the correct amount due on the mortgage satisfy it so that, upon the refusal by the defendant to enter satisfaction of record or to execute a certificate of the discharge thereof, the plaintiffs would be entitled to recover the statutory penalty?

Section 849, Civil Code, provides as follows: "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor with some bank of deposit within this territory, of good repute, and a notice thereof is given to the creditor." It is admitted by the demurrer that the respondents literally complied with this statute. The debt, therefore, to secure which the mortgage was given, was extinguished.

Was the mortgage satisfied? Webster defines the word "satisfy" as follows: "To comply with the rightful demands of; to give what is due to; to answer or discharge, as a claim, debt, legal demand, or the like; to pay off; to requite, as to satisfy an execution." Now, to comply with the rightful demands of a person, to give him what is due him, to answer or discharge his claim, debt, or legal demand, is doing nothing more than extinguishing the claim he has upon me, whether it be of a financial or moral nature; therefore, if I have extinguished an obligation existing against me in a legal manner, I have satisfied it. If the obligation to which the mortgage was an incident has been satisfied, it follows that the mortgage has also been satisfied, in the same sense

that an execution is satisfied upon the payment of the judgment on which it was issued.

By section 2256 of the Revised Statutes of Wisconsin as amended by chapter 100, Gen. Laws Wis. 1883, it is provided that, "if any mortgagee, his personal representative or assignee, after a full performance of the conditions of the mortgage, * * * shall * * * refuse," etc., "he shall be liable to the mortgagor, his heirs and assigns, in the sum of $100." Under this section the supreme court of Wisconsin, in Crumbly v. Bardon, 70 Wis. 385, 36 N. W. Rep. 19, held that an allegation of tender, in an action by the mortgagor, would not bind the mortgagor within the provisions of the section last quoted. The case is not parallel with the one at bar. The legal effect of a tender is not the same in Wisconsin as in Dakota. A tender in Wisconsin, as we understand sections 4265, 4269 of the Revised Statutes of Wisconsin, would simply affect the question of costs in a case like the one at bar, and, therefore, a tender would not be a "full performance of the conditions of the mortgage."

It is argued by appellant that to hold that a valid tender, under the laws of this territory, is a satisfaction of the mortgage, imposes upon the mortgagee a harsh rule, for the reason that the mortgagee must, when a tender is made him, determine at his peril whether he will accept it, or run the risk of paying the penalty. This result does not follow. The money that is tendered is deposited in bank to his order. He can take the money at any time after he is satisfied it is the correct amount; and if, before he is satisfied of the correctness of the amount, a demand is made upon him for a discharge of the mortgage, and he refuses, and action is brought by the mortgagor for the penalty, we should hold that, if he could show that his refusal was in good faith, and made in the honest belief that the mortgage was not entitled to be discharged, he would not be liable to the penalty, as the refusal of the mortgagee or his representative, under subdivision 6 of our statute, must be intentional and willful in order to incur the penalty. In the case at bar the appellant admitted that the correct amount was tendered; and, having admitted this, we must presume that he knew it was the correct amount; and his refusal, in the face of this knowledge, entitled the respondents to judgment.

The judgment of the lower court must, therefore, be affirmed.

All concur.