MATHIEU et al, Appellants, v. BOSTON, Respondent.

(216 N. W. 361.)

(File No. 6057.   Opinion filed November 30, 1927.)

**Mortgages—Mortgagee, Refusing Satisfaction Under Honest Belief that Sum Tendered Was Insufficient, Held Not Liable for Attorney's Fees of Mortgagor or Statutory Penalty (Rev. Code 1919, § 1565).**

Where mortgagee's refusal to satisfy mortgage on tender of amount due was made under honest belief that he was entitled to a greater sum, mortgagor who litigated question and obtained satisfaction was not thereafter entitled to recover attorney's fees and penalty from mortgagee, under Rev. Code 1919, § 1565, allowing damages and penalty against mortgagee refusing to satisfy mortgage.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Mortgages, Key-No. 312(1), 41 C. J. Sec. 982.

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

Action by Milton Mathieu and another against J. W. Boston. From a judgment for defendant, and an order denying plaintiffs' motion for a new trial, plaintiffs appeal. Affirmed.

*Corrigan & Walton,* of Aberdeen, for Appellants.

*McNulty, Williamson & Smith,* of Aberdeen, for Respondent.

MISER, C. Plaintiffs and appellants are the owners of lands mortgaged by their grantor to secure his debt of $8,000 to defendant and respondent. After certain payments made thereon, and after appellants had acquired said lands, they tendered to respondent the sum of $1,600 in full satisfaction of said mortgage, which tender, upon being refused by respondent, was kept good by deposit in a solvent bank. Appellants thereupon brought suit to cancel said mortgage of record, which terminated in a judgment duly entered, whereby respondent was required to execute, acknowledge, and deliver to the plaintiffs a satisfaction of said mortgage. Thereafter, in compliance with said judgment, respondent executed a satisfaction of said mortgage and thereafter appellants instituted the present suit against respondent to recover the fees paid to their attorneys in the preceding suit, amounting to $350, and for the further sum of $100, founding their claim upon section 1565, R. C. 1919. Respondent defended on the ground, and now contends, that a mortgagee is not liable for the damages and the penalty provided by said section where he honestly believes that he is entitled to collect a sum greater than the amount tendered.

It being agreed that the sums paid to appellants' attorneys were the reasonable value of such services, and that respondent refused the tender made by appellants in the honest belief that he was entitled to a sum in excess of $1,800 instead of the sum of $1,600 so tendered, the sole question presented by this appeal is whether or not the trial judge correctly stated the law in instructing the jury that:

Section 1565, supra, "does not apply where the holder of the mortgage refuses to discharge the same, relying in good faith, even though mistakenly, upon some supposed legal right; and, in this case, if the defendant refused the tender made, and refused to satisfy said mortgage in good faith, and in the honest belief that he was entitled to collect a greater amount thereon, and that the mortgage was not entitled to be satisfied until said greater amount

was paid, said good faith and honest belief on the part of said mortgagee is a complete defense in this action."

Upon these instructions and others of like import, the jury answered in the affirmative a special interrogatory as to whether respondent, at the time of the tender, honestly believed that he was legally entitled to collect a greater sum than $1,600 before satisfying the mortgage, and also returned a general verdict for defendant and respondent upon all the issues. This appeal is from the judgment thereupon rendered and from the order denying appellant's motion for a new trial.

Appellant relies upon Kelly v. Narregang Investment Co., 41 S. D. 222, 170 N. W. 131, which decision held that the refusal of appellant therein "to discharge the mortgage was the proximate cause of the incurring of the expense and counsel fees in the former action," and judgment therefor in favor of respondent should be affirmed. Respondent contends, however, that the case of Kelly v. Narregang is no authority on the point as to whether the defense interposed herein is a sufficient defense to the collection of the damages and penalty prescribed by section 1565. This section is as follows:

"When any mortgage has been satisfied, the mortgagee or his assignee must immediately on demand of the mortgagor, his grantee or heirs, execute and deliver to him a certificate of the discharge thereof, and must, at the expense of the mortgagor, acknowledge the execution thereof, so as to entitle it to be recorded, or he must enter satisfaction, or cause satisfaction of such mortgage to be entered of record; and any mortgagee, or assignee of such mortgagee, who refuses to execute and deliver to the mortgagor the certificate of discharge, and to acknowledge the execution thereof, or to enter satisfaction or cause satisfaction to be entered of the mortgage, as provided in this chapter, is liable to the mortgagor or his grantee or heirs for all damages which he or they may sustain by reason of such refusal, and shall also forfeit to him or them the sum of one hundred dollars."

The foregoing section is almost identical in language with subdivision 6 of section 1735 of the Civil Code of Dakota Territory, quoted by Justice Carland in Kronemusch v. Raumin, 6 Dak. 243, 42 N. W. 656. Therein, our territorial Supreme Court said:

"If, before he [the mortgagee] is satisfied of the correctness

of the amount, a demand is made upon him for a discharge of the mortgage, and he refuses, and action is brought by the mortgagor for the penalty, we should hold that, if he could show that his refusal was in good faith, and made in the honest belief that the mortgage was not entitled to be discharged, he would not be liable to the penalty, as the refusal of the mortgagee or his representative, under subdivision 6 of our statute, must be intentional and willful in order to incur the penalty."

True, the foregoing quotation from Kronebusch v. Raumin, supra, is mere dicta; but, in Jones on Mortgages (7th Ed.) § 991, the learned author states that:

"The mortgagee is not bound, upon tender of payment, to determine doubtful questions at his peril, and he is not generally held liable to the statutory penalty if his refusal is made in good faith and in the honest belief that he is not bound to accept the tender."

See ,also, section 982 of the Title, "Mortgages," 41 C. J. 819.

It is urged by appellant that this construction of our statute calls for reading into it a proviso not contained within its language. This objection has heretofore been considered by the courts. The Supreme Court of Wisconsin, in Schumacher v. Falter, 113 Wis. 563, 89 N. W. 485, in construing section 2256 of the Revised Statutes of Wisconsin, says:

"Although that section does not provide, in terms, that the failure to discharge must be a willful or malicious one, it is very evident that it was not enacted to punish honest mistakes. A statute in almost the identical language of our section has been construed many times by the Supreme Court of Michigan; and the substance of the decision in that state is that where there is no intentional wrong in the refusal to discharge, but, rather, a reliance in good faith upon some supposed legal right, the penalty will not be imposed, even though the supposed right may be found not to exist."

Neither the Wisconsin statute under construction nor the Michigan statute referred to are identical with our section 1565; but they, no more than our own statute, provide that a refusal to discharge the mortgage would not create a liability when the mortgagee's refusal is based upon an honest belief that his mortgage was still unpaid. Furthermore, the language of the Wisconsin

court in Schumacher v. Falter, supra, is peculiarly apropros where it says:

"The merest reading of the testimony in the present case shows that the defendant, in refusing to discharge, was acting in the honest belief that his mortgage was still unpaid, and under the advice of counsel."

For, in the case at bar, the answer of the jury to the special interrogatory determines respondent's good faith and honest belief, and the testimony of defendant is uncontradicted that, before refusing appellant's tender, he fully stated the facts of his case to counsel and was advised that he was not obligated to satisfy said mortgage on the payment of $1,600.

We therefore hold that the giving of the instruction hereinbefore referred to was not error, and the judgment and order appealed from are affirmed.

CAMPBELL, P. J., disqualified and not sitting.

GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.