## Werner et ux. *v.* Automobile Finance Company, Appellant.

Argued January 25, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harvey A. Miller,* with him *William C. Hazlett* and *Miller & Nesbit,* for appellant.

*Edmund C. Wingerd,* with him *Geo. T. Emery, Jr.,* and *Daniel W. Long,* for appellees.

OPINION BY MR. JUSTICE STERN, March 25, 1940:

Except for two shares issued to strangers, the corporation of Ben H. Werner, Inc., was owned by plaintiffs, but only one share was registered in the name of Benjamin H. Werner and forty-seven were in the name of Pauline A. Werner, his wife.   The corporation was en-

gaged in the business of dealing in, servicing and repairing motor vehicles and accessories.

On November 14, 1934, Werner borrowed from defendant $3,000, and on November 21, 1934, $2,000, in each case giving his individual note for the amount. On February 6, 1935, defendant loaned $500, and on February 8, 1935, $4,500, to both plaintiffs. The four loans thus aggregated $10,000, and at the time the two later ones were made plaintiffs executed their bond to defendant in the sum of $10,000, secured by a mortgage on real estate in Franklin County owned by them as tenants by the entireties. The money was all put into the business of the corporation, being credited to Werner's personal account, and as payments were made on the mortgage by the corporation they were charged against that account. It was agreed between plaintiffs and defendant that the mortgage was to be paid by crediting thereon certain sums to be retained by defendant out of advancements made on cars which it would finance for the corporation in the course of their business operations, and also certain rebates and reserves which from time to time would be due the corporation by reason of such financing.

On October 22, 1936, a loan of $3,000 was made by defendant to Werner for which he gave his personal note. On July 20, 1937, and on July 28, 1937, two further loans, each of $3,000, were made to him by defendant, for which also he gave his individual notes.

In August, 1938, plaintiffs filed the present bill in equity alleging that, by reason of credits on the mortgage in accordance with the agreement of the parties, the indebtedness of $10,000 which it secured had been paid, and praying that defendant be directed to satisfy of record the mortgage and also a judgment which it had entered on plaintiffs' bond. The court entered such a decree.

The uncontradicted evidence presented at the hearing of the cause disclosed that the credits to which plain-

tiffs were entitled and which had been allowed by defendant were sufficient to pay off the original $10,000 indebtedness and also the $3,000 loan to Werner of October 22, 1936. Defendant, however, claimed that it had been orally agreed between the parties that the mortgage was to be held to secure not only the original loans of $10,000 which existed at the time it was given but any subsequent loans, and that there was still due on the loans of July 20, 1937, and July 28, 1937, the sum of $3,821.31.

One of the oral agreements claimed by defendant was alleged to have been made shortly after the first $3,000 was loaned to Werner, and therefore some time before the mortgage was executed. The Chancellor found that no such agreement was made, at least by Mrs. Werner. Even had it been made, since the mortgage was in the usual form to secure an indebtedness of $10,000 and contained no provision as to further advances, it superseded any prior oral conversations.

A second oral agreement was made, according to defendant, immediately preceding the loans aggregating $6,000 in July, 1937. According to the testimony of the president of defendant company, he said at that time to Mrs. Werner: "Mrs. Werner, are you satisfied to proceed with this again for another six thousand?" to which she replied, "Absolutely." It is unnecessary to determine whether this alleged conversation could be construed to amount to an agreement to extend the security of the mortgage to these two loans to Werner, for the Chancellor found as a fact that it did not occur and that Mrs. Werner never made any promise to or agreement with defendant that the mortgage should be held as security for any loans except those, aggregating $10,000, which existed at the time it was executed. There was abundant evidence to support this finding. Not only did plaintiffs deny that any such agreement was made, but defendant's own records showed that on July 20, 1937, it opened on its books a "Note account, Ben

H. Werner," the first entries therein consisting of the two $3,000 loans made in that month, and that, on August 3, 1937, a former account, entitled "Property Deed, Ben H. Werner, Inc.," was closed on its books as having been fully liquidated, the words "Property Deed" evidently referring to the mortgage.

In the face of these findings by the court, devastating to defendant's cause, defendant now presents a legal theory to the effect that, practically all the stock of Ben H. Werner, Inc., being in the name of Mrs. Werner, and all the money borrowed being used in the business of the corporation, she is personally liable on the later loans, though made to Werner on his individual notes. Even if such a theory were tenable, it would in no way aid defendant in the present litigation because, as the Chancellor found, Mrs. Werner did not agree that the mortgage should be held as security for these loans, and there is no evidence that she authorized her husband to make such an agreement for her. Indeed, there is no finding by the court that Werner himself ever made such an agreement. The mortgage could not be extended to cover any subsequent indebtedness except to the extent agreed upon by the mortgagors.

The decree is affirmed; costs to be paid by defendant.