Werner et ux., Appellants, *v.* Automobile Finance Company.

Argued March 24, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*George T. Emery, Jr.,* with him *Con F. McGregor,* for appellants.

*Harvey A. Miller,* of *Miller & Nesbitt,* with him *Walter F. Michael,* for appellee.

OPINION BY MR. JUSTICE PARKER, May 10, 1943:

Plaintiffs brought this action in assumpsit under Act of May 28, 1715, 1 Sm. L. 94, §10 (21 PS 682) to recover a penalty for failure to enter, within three months after notice, a satisfaction of a mortgage which they had given the defendant and which was alleged to have been paid. The cause was tried by a jury which rendered a verdict for $10,000, the full face of the mortgage. The court below granted a new trial on the ground that the verdict was excessive and certified that this was the sole reason for the order. The only question raised by appellants concerns the right of the trial court to disturb the verdict for the reason given. We are all of the opinion that that court not only had such right, but that the record justifies the order.

The plaintiffs, claiming to have paid the mortgage in full, had previously brought a bill in equity to compel satisfaction of the mortgage and the defendant answered, denying that the mortgage had been paid. This court affirmed the action of a court of common pleas holding that the mortgage had been paid: *Werner* v. *Automobile Finance Co.,* 337 Pa. 433, 12 A. 2d 31. Thereupon defendant satisfied the mortgage. After our decision in the equity suit the plaintiffs brought this action for the penalty under the Act of 1715.

It is provided by § 10 of the said Act of 1715 as follows: "If such mortgagee, by himself or his attorney, shall not, within three months after request and tender made for his reasonable charges, repair to the said office, and there make such acknowledgment as aforesaid, he, she or they, neglecting so to do, shall for every such offense forfeit and pay, unto the party or parties aggrieved,

any sum not exceeding the mortgage money, to be recovered in any court of record within this province, by bill, plaint or information."

We have many times said: "We will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action": *Girard Trust Co., Tr.,* v. *Geo. V. Cresson Co.,* 333 Pa. 418, 422, 5 A. 2d 221, and cases there cited. Appellants argue that the principle is not applicable to a proceeding under the Act of 1715 and that the amount of the penalty to be imposed pursuant to this act is solely for the jury and no other authority may interfere with their determination of the amount of the penalty to be imposed.

In an early case (*Henry* v. *Sims,* 1 Wharton 187, 200) construing a similar act with relation to the satisfaction of judgments we in effect held that the trial court did have the right to review the evidence for the purpose of determining whether it supports the penalty assessed. Granting that there is a distinction between damages and penalties, that the former are awarded as compensation to the aggrieved party and the latter are imposed with the primary object of punishing the offender (*Central R. R. Co.* v. *Green,* 86 Pa. 427), the penalty fixed by the Act of 1715 is intended to accomplish both purposes.

The broad limitation of this act, that the penalty shall not be more than the face of the mortgage, which may be large or small, implies that the amount assessed will be determined by a consideration of the circumstances. A further examination of the circumstances that may be considered by the jury supports our main conclusion. While it has been held that a plaintiff is not required to prove that he has suffered actual damages in order to make out a case (*Crawford* v. *Simon,*

159 Pa. 585, 588, 28 A. 491; *Graham* v. *Mt. Airy B. & L. Assn.*, 102 Pa. Superior Ct. 116, 121, 156 A. 592), it does not follow that actual damages and other circumstances are not elements for consideration in determining the penalty to be imposed. It would be unreasonable to assume that when the jury was given a broad latitude in fixing the penalty, here any amount up to $10,000, the jury might fix any amount they wished, however capricious it might be. Certainly the actual injury to plaintiffs is a matter for consideration. Among the circumstances to be considered are also the attitude and conduct of the defendant with reference to the act. They may inquire whether the defendant's conduct was wanton and wilful. As it was expressed in *Henry* v. *Sims,* supra, p. 200: "Everything which can and does make acts the subject of praise or censure; as of honesty or dishonesty, of kindness or cruelty, may enter into the consideration of the jury." Such being the case, the trial court had the same right to grant a new trial that it would have had in a case where the sole measure of damages was the injury suffered by the aggrieved party.

There is nothing in the case to indicate any abuse, much less palpable abuse, of discretion on the part of the trial court. That court saw and heard the witnesses and is far better able to decide what weight shall be given to their testimony than an appellate court not so favored can possibly be. As this cause must be retried we follow the usual practice of not reviewing the pleadings and evidence, but an examination of the record satisfies us that there was no abuse of discretion. The testimony not only fails to show any such abuse but it is strongly confirmatory of the conclusion of the court below.

We agree with the court below that the Act of 1715 was not intended to apply to cases where a mortgagee has reasonable grounds for believing and does honestly believe that the mortgagor was not entitled to have the

mortgage satisfied and wishes to have the issue decided by a court. To hold otherwise would imperil the security of all mortgages. A mortgagee could not dispute claims as to the amount due and could only have access to the courts for the adjudication of such claims at the risk of losing the full amount of the mortgage if the appellants' theory were adopted. While the precise question does not seem to have been considered before by this court, our conclusion is in harmony with that of other states: *Mathieu* v. *Boston,* 51 S. D. 619, 216 N. W. 361, 56 A. L. R. 332, and note, p. 345; *Parkes* v. *Parker,* 57 Mich. 57, 23 N. W. 458; *Schumacher* v. *Falter,* 113 Wis. 563, 89 N. W. 485; *Scott* v. *Field,* 75 Ala. 419. Contra, *Morrill* v. *Title G. & S. Co.,* 94 Wash. 258, 162 Pac. 360. Also see *Haubert* v. *Haworth,* 9 Phila. 123.

The order of the court below granting a new trial is affirmed.