**Security Peoples Trust Company v. Erenstein**

*Richard DiSalle, Susan Hileman Malone and Bruce C. Fuchs*, for plaintiff.
*David J. Humphreys*, for defendant.

WETTICK, *A.J.*, December 11, 1986 — On November 21, 1979, Security Peoples Trust Company entered a confessed judgment against Bernard J. Erenstein and Evelyn Erenstein in the amount of $525,000. On February 14, 1983, Erenstein paid $125,521.09 to Security Peoples. Erenstein contended that this payment satisfied the November 21, 1979, judgment and, shortly thereafter, requested Security Peoples to satisfy the judgment. Security Peoples did not instruct the prothonotary to mark the judgment satisfied until December 6, 1983.

On December 14, 1984, Erenstein filed a petition for supplemental proceedings which 'seeks a judgment against Security Peoples in the amount $252,500 for its failure to timely satisfy the judgment. Erenstein's claim for supplemental relief is based upon legislation which awards liquidated damages for failure of a judgment creditor to have a docket marked satisfied within 30 days after receiving written notice from a judgment debtor who has paid the judgment that the docket should be so marked. This legislation, which is contained at 42 Pa.C.S. §8104, reads as follows: '

"(a) General rule. — A judgment creditor who has received satisfaction of any judgment in any tribunal of this commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstand-

ing, which satisfaction shall forever discharge the judgment.

"(b) Liquidated damages. — A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1 percent of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less then $250 nor more than 50 percent of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered."

Presently before this court is Security Peoples' motion to compel answers to interrogatories and the production of documents. Through these discovery requests, Security Peoples seeks information concerning Erenstein's relationship with various corporations with which Erenstein was involved that owed money to Security Peoples (Category One); information concerning negotiations between Security Peoples and Erenstein conducted between February 14, 1983, and December 6, 1983, over whether the February 14, 1983, payment had satisfied the November 21, 1979, judgment (Category Two); and information concerning the actual damages that Erenstein sustained as the result of any delay by Security Peoples in satisfying the judgment (Category Three).

Security Peoples seeks the information in Categories One and Two to show that it was not acting willfully or in bad faith in failing to have the judgment marked satisfied. Security Peoples wishes to show that between February 14, 1983, and December 6, 1983, several corporations which Erenstein operat-

ed and whose debts Erenstein had guaranteed owed substantial sums to Security Peoples; that there was a bona fide dispute over whether the $125,000 payment should have been applied to the judgment in question; that the parties negotiated for several months in an effort to resolve this issue; and that a review of the negotiations will show that there was a bona fide dispute over whether the February 14, 1983, payment satisfied the November 21, 1979, judgment. Security Peoples seeks the information described in Category Three because it wishes to establish that Erenstein sustained no actual damages as a result of its failure to satisfy the judgment prior to December 6, 1983.

Erenstein contends that the information which Security Peoples seeks is irrelevant. Under 42 Pa.C.S. §8104, Erenstein is entitled to recover liquidated damages in the amount of 1 percent of the original amount of the judgment for each day that Security Peoples failed to satisfy the judgment beyond 30 days following receipt of a written request to satisfy this judgment. Thus, the only factual issues, according to Erenstein, are whether the February 14, 1983, payment satisfied the judgment and, if so, when the written request to satisfy the docket was made. Erenstein contends that it makes no difference why Security Peoples failed to satisfy the judgment or whether Erenstein sustained any actual damages.

Security Peoples, on the other hand, contends that it may either defeat or reduce the amount of the recovery by showing that it had a reasonable basis for questioning whether the $125,000 payment had fully satisfied the November 21, 1979, judgment or by showing that Erenstein sustained no actual damages from Security Peoples' delay in satisfying the judgment.

In support of its position, Security Peoples relies on case law construing previous legislation which held that the amount of any damages that will be assessed against a creditor for failure to satisfy a judgment will be determined by a consideration of all relevant circumstances, including the attitude and conduct of the creditor, whether the creditor's conduct was wanton or willful, and the injury suffered by the debtor. *Werner v. Automobile Finance Co.*, 347 Pa. 217, 31 A.2d 898 (1943). However, this case law construed the Act of May 13, 1715 which provided the following relief when a creditor failed to satisfy the record within three months after being requested to do so:

". . . he, she, or they neglecting so to do [have the mortgage marked satisfied], shall for every such offense forfeit and pay unto the party or parties aggrieved, any sum not exceeding the mortgage money, to be recovered in any court of record within this province by bill, complaint or information."

The basis for the case law holding that the amount of damages to be awarded under the Act of May 28, 1715, depends upon all relevant circumstances was that this legislation was intended to both compensate the aggrieved party for its losses and to punish the offender. The Act of May 28, 1715, had no fixed formula for awarding damages. It provided for the creditor to "forfeit" a sum of money not exceeding the amount of the mortgage. Consequently, it was left to the courts to determine the factors that should be considered in determining the amount of the damages that should be awarded. This case law holding that the amount of damages to be awarded depends upon a consideration of all relevant factors, including the amount of damages sustained by the debtor, is not controlling because 42 Pa.C.S. §8104 — unlike the Act of May 28, 1715

— is not intended to punish the creditor. Its sole purpose is to compensate a debtor for his or her losses through the award of damages based upon a specific formula.

Subsection (b) of §8104 is titled "liquidated damages" and provides that "a judgment creditor . . . shall pay to the judgment debtor as liquidated damages. . . ." "Liquidated damages" is a technical term used throughout the law, so we must ascribe its particular meaning to it. 1 Pa.C.S. §1903(a). "Liquidated damages" evolved as a device to permit compensation when the offensive conduct " 'may well result in damages too obscure and difficult of proof or estimate other than by liquidated damages.' " (Citation omitted.) *Commonwealth v. Musser Forests Inc.*, 394 Pa. 205, 146 A.2d 714, 719 (1958). It provides an estimate of probable damages. For this reason, proof of actual damages is unnecessary. See, generally, *Sutter Corp. v. Tri-Borough Municipal Authority*, 338 Pa. Super. 217, 487 A.2d 933, 936, (1985).

This court's conclusion that 42 Pa.C.S. §8104 changed the manner in which damages are awarded where a judgment creditor fails to satisfy a judgment by awarding liquidated damages as a matter of law as opposed to compensatory and punitive damages based on all relevent circumstances is supported by the substantive differences in the legislation as well as the differences in the wording (the use of the term "liquidated damages" as opposed to the term "forfeit") of the legislation. The Act of May 28, 1715, provided for an award not to exceed the amount of the mortgage but set forth no basis for calculating the amount of the award. Section 8104, on the other hand, awards damages on the basis of the length of the breach through a formula that provides for liquidated damages of one percent of the

original amount of the judgment for each day of delinquency.

Section 8104(b)'s award of liquidated damages based upon a statutory formula is very similar to the manner in which the legislature over the past two decades has awarded liquidated damages in other legislation designed to protect debtors, consumers, and employees. This legislation has been enforced by the courts in the manner that it was written. If the conditions for the award of damages were met, damages were awarded based on the statutory formula regardless of whether actual damages could be shown. See, for example, section 5 of the Equal Pay Law, 43 P.S. §336.5, which awards damages to employees in the amount of their unpaid wages and an equal amount as liquidated damages; section 10 of the Wage Payment and Collection Law 43 P.S. §260.10, which awards liquidated damages of 25 percent of the total amount due or $500 (whichever is greater) where wages have not been paid; section 2204 of the Goods and Services Installment Sales Act, 69 P.S. §1101 et seq., which provides for triple recovery when there is a willful violation of the act; and section 250.512 of the Landlord-Tenant Act, 68 P.S. 250.101 et seq., which requires the landlord to pay the tenant double the amount of the escrow funds properly owing when the landlord fails to pay the escrow funds within 30 days after termination of the lease.

Because we conclude that a judgment debtor is entitled as a matter of law to recover the liquidated damages provided by subsection (b) upon a showing that the judgment creditor failed to satisfy the judgment, we deny Security Peoples' request for any discovery concerning the actual damages that Erenstein sustained.

We now address the question of whether the liquidated damages provided for by subsection (b) of section 8104 are imposed automatically upon a showing that the judgment creditor failed to satisfy the judgment within 30 days after receiving written notice to do so or whether the judgment creditor is entitled to raise the defense that it did not willfully or negligently violate section 8104. Subsection (b) of section 8104 provides for the award of damages against "[a] judgment creditor who shall fail or refuse . . . to comply with a request. . . ." The Act of May 28, 1715, used similar language. Damages were recoverable against mortgagees "neglecting to do so [have the mortgage marked satisfied]."

In the case of *Werner v. Automobile Finance Co.*, supra, the Pennsylvania Supreme Court held that the Act of May 28, 1715 does not apply to cases where the creditor had reasonable grounds for failing to have the docket satisfied because this legislation was not designed to encourage creditors to abandon good-faith assertions that the entire debt has not been paid:

"We agree with the court below that the Act of 1715 was not intended to apply to cases where a mortgagee has reasonable grounds for believing and does honestly believe that the mortgagor was not entitled to have the mortgage satisfied and wishes to have the issue decided by a court. To hold otherwise would imperil the security of all mortgages. A mortgagee could not dispute claims as to the amount due and could only have acess to the courts for the full adjudication of such claims at the risk of losing the full amount of the mortgage if the appellants' theory were adopted. While the precise question does not seem to have been considered before by this court, our conclusion is in harmony with that of other states: *Mathieu v. Boston*, 51 S.D. 619,

216 N.W. 361, 56 A.L.R. 332, and note, 345; *Parkes v. Parker*, 57 Mich. 57, 23 N.W. 458; *Schumacher v. Falter*, 113 Wis. 563, 89 N.W. 485; *Scott v. Field*, 75 Ala. 419. Contra, *Morrill v.Title G. & S. Co.*, 94 Wash. 258, 162 Pac. 360. Also see *Haubert v. Haworth*, 9 Phila. 123. 347 Pa. at 220-221."

Since the legislature used language in section 8104 similar to that used in the Act of May 28, 1715, we must assume that the Legislature intended for the language to be construed in the same manner. See 1 Pa.C.S. §1922(4), which provides that if the court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.

Also, the policy considerations which led the *Werner* court to conclude that the Act of May 28, 1715, did not reach a creditor who had reasonable grounds for questioning whether the debt had been satisfied are even more applicable when liquidated damages will be automatically imposed for violation of the legislation. Under the Act of May 28, 1715, any damage award would take into consideration all the relevant factors, including whether the creditor's conduct was wanton or willful, in determining the amount ot the award. Nevertheless, the *Werner* court concluded that the possibility that significant damages could be awarded against the creditor would unfairly dissuade a creditor who has grounds for questioning whether the judgment had been satisfied from denying the debtor's request to satisfy this judgment. Since damages will automatically be awarded based upon a statutory formula under section 8104 if section 8104 covers a creditor who has a good-faith basis for asserting that the judgment has not been satisfied, the judgment creditor would be

penalized even more in the event that he or she is wrong. Consequently, the rationale of the *Werner* court that this legislation was not intended to give financial leverage to a debtor where there is a good-faith dispute over whether the judgment has been satisfied is equally applicable.*

For these reasons, this court enters the following

## ORDER

On this December 11, 1986, it is hereby ordered that defendants' objections to interrogatories 9, 10, 16, 17, and 18 and to request for production 6 are sustained. Defendants shall within 30 days answer the remaining interrogatories of plaintiff and produce the remaining items requested by plaintiff.

---

* In *Werner v. Automobile Finance Co.*, the court construed the Act of May 28, 1715, which governed the duty of a mortgagee to satisfy a mortgage obligation which had been paid. The duty of a judgment creditor to satisfy a judgment which had been paid was governed by the Act of April 13, 1791, (which was repealed and replaced in 1978 by 42 Pa.C.S. §8104). Case law construing the Act of May 28, 1715, governs the construction of the Act of April 13, 1791, because both acts deal with the same obligation and the language of the Act of April 13, 1791, is almost identical to the language of the Act of May 28, 1715. The Act of April 13, 1791, provided that a judgment creditor "refusing or neglecting so to do [to satisfy the judgment], shall forfeit and pay unto the party or parties aggrieved any sum of money, not exceeding one-half of the debt or damages so adjudged and recovered . . . . " Also, in *Henry v. Sims,* 1 Wharton 187 (1835) and *Allen v. Conrad,* 51 Pa. 487 (1866), the Pennsylvania Supreme Court construed the Act of April 13, 1791, in a manner similar to the *Werner* court's construction of the Act of May 28, 1715—in both cases the court said that the purpose of the Act of April 13, 1791, was to punish the judgment creditor whose refusal to satisfy the judgment was "done maliciously, or vexatiously, or insolently, with intention to injure at least the feelings of the other party . . . . " (1 Wharton at 199).